IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SALLY AMES,<br><br>       Plaintiff,<br> v.<br><br>USAA LIFE INSURANCE COMPANY,<br><br>       Defendants. | Civil No. 18-9865 (RMB/JS) |

**<u>AMENDED MEMORANDUM OPINION AND ORDER</u>[1]**

  This matter is before the Court on defendant's "Motion to Sever Claims" [Doc. No. 16]. The Court received plaintiff's opposition [Doc. No. 19] and held oral argument on October 30, 2018. For the reasons to be discussed, defendant's motion is granted in part and denied in part.

<u>Background</u>

  Plaintiff filed her three-count complaint on May 30, 2018. The sum and substance of plaintiff's claim is that defendant wrongfully denied paying her the proceeds of a $1 million life insurance policy issued to Lawrence J. Ames. Defendant denied plaintiff's claim based on its contention the decedent made a material misrepresentation in his answer to a medical questionnaire. Defendant is a Texas Corporation and at the time

---

[1] The Court's original Opinion and Order [Doc. No. 28] inadvertently transposed Counts Two and Three.

the subject policy was issued, the decedent was living in Texas. Count One of plaintiff's complaint seeks a declaratory judgment that the policy is valid, defendant must pay benefits, and that plaintiff is the sole beneficiary entitled to payment. Count Two alleges defendant breached its contract and plaintiff has been damaged by defendant's delay in payment. Count Three alleges defendant refused in bad faith to pay benefits due plaintiff for no "fairly debatable" reason.

Defendant's motion seeks to sever "Count Three and portions of Count Two[.]" Deft. Brief at 9. Defendant argues, "[i]t has been constantly held by New Jersey Courts that counts for bad faith damages arising out of claims for breach of contract and policy benefits should be severed from the underlying claim and any discovery thereon should be stayed pending the outcome of the contractual dispute." Id. at 4.

Plaintiff's opposition argues severance should be denied because the discovery as to her declaratory judgment and bad faith claims will involve the same issue, i.e., whether there was a "fairly debatable reason" for the failure to pay benefits. Pltf.'s Brief at 4, 5. As a result, plaintiff argues, she will be prejudiced by severance since she may be required to conduct duplicative discovery. Plaintiff also points out defendant does not argue it will be prejudiced if severance is denied.

<u>Discussion</u>

Under Fed. R. Civ. P. 21, the Court, in its discretion, has the authority to sever and stay any claim. <u>Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.</u>, 49 F. Supp. 2d 709, 721 (D.N.J. 1999) (citing <u>Walsh v. Miehle-Goss-Dexter, Inc.</u>, 378 F.2d 409, 412 (3d Cir. 1967)). "Severing claims under Rule 21 is appropriate where the claims to be severed are 'discrete and separate' in that one claim is 'capable of resolution despite the outcome of the other claim.'" <u>Turner Const. Co. v. Brian Trematore Plumbing & Heating, Inc.</u>, C.A. No. 07-666 (WHW), 2009 WL 3233533, at *3 (D.N.J. Oct. 5, 2009) (citation omitted). The factors courts consider in determining whether severance is warranted include: (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if severance is granted, and (4) whether the party requesting severance will be prejudiced if severance is not granted. <u>Picozzi v. Connor</u>, C.A. No. 12-4102 (NLH), 2012 WL 2839820, at *6 (D.N.J. July 9, 2012).

Starting with Count **Two**, defendant's request to sever is denied. The crux of defendant's argument is that severance is appropriate because portions of Count **Two** raise a bad faith

3

claim that will involve "potential discovery as respects claims processing, method and manner of decision making[.]" Deft. Brief at 8. The Court disagrees. Count **Two** seeks consequential contract damages for defendant's delay in payment, not bad faith damages arising form defendant's claims handling practices. Although the discovery relevant to Count **Two** may not be identical to what is directed to Count One, the Court does not expect plaintiff's damage discovery to be extensive or complicated. No material benefit will be achieved, or material prejudice avoided, if portions of Count **Two** are severed. Thus, the request to sever portions of Count **Two** is denied.

The request to sever Count **Three** is more problematic. It is true that a significant body of case law exists supporting the view that bad faith claims should ordinarily be severed in insurance coverage cases. See Pltf.'s Brief at 4-8. However, this Court has refused to adopt a blanket rule that a plaintiff's bad faith claim should be severed in every coverage case. In <u>Beachfront North Condominium Association, Inc. v. Lexington Insurance Co.</u>, C.A. No. 14-6706 (RBK/JS), 2015 WL 3879665, at *2 n.2 (D.N.J. 2015), the Court made it clear that it is not ruling that in every case a plaintiff's bad faith claim should be severed and stayed until the first party claim is decided. Every case is different and must be decided on its own facts.

As to Count **Three**, the Court first considers whether the issues sought to be tried separately are significantly different from one another. Although plaintiff argues that plaintiff's bad faith claim does not involve any discovery different from her breach of contract claim (Deft. Brief at 4), her discovery requests belie this assertion. Plaintiff requests classic "bad faith discovery" such as information concerning defendant's claims handling policies and procedures, and the experience and work evaluations of its claims personnel. This discovery is irrelevant and disproportional to plaintiff's declaratory judgment and breach of contract claims. Plaintiff argues only the defendant's decision to seek recession of her policy is at issue with regard to her bad faith claim. Pltf.'s Brief at 5. However, plaintiff's discovery demonstrates that she does not intend to so limit her contentions. Otherwise, plaintiff would not have served discovery requests asking for information unrelated to the underlying merits of defendant's decision to deny payment to plaintiff. Since plaintiff's bad faith claim and the related requested discovery is not limited, and is instead expansive, the Court finds that plaintiff's breach of contract and bad faith claims are significantly different. The crux of the case involves whether the decedent made misrepresentations in his application for insurance. Plaintiff's bad faith claim focuses on a different area, i.e. defendant's claims handling

procedures and processes. In addition, the Court finds that viewing plaintiff's claims as separate and distinct actions "promotes judicial efficiency and economy." Wadeer v. New Jersey Mfrs. Ins. Co., 2015 WL 668229, at *10 (N.J. Feb. 18, 2015); Nelson v. State Farm Mut. Auto. Ins. Co., 988 F. Supp. 527, 530 (E.D. Pa. 1997) (bad faith claims are "separate and distinct" from underlying contract action). Accordingly, the first relevant factor to consider weighs in favor of severance.[2]

Second, plaintiff's contract and bad faith claims require the testimony of different witnesses and different documentary proof. As evidenced by plaintiff's written discovery, plaintiff seeks documents concerning defendant's claims personnel and claims handling procedures and guidelines. This discovery is not directly relevant to plaintiff's first-party claim. Plaintiff's bad faith discovery distracts from, and will undoubtedly delay, the resolution of the primary focus of the case, i.e., whether plaintiff's first-party claim should be paid. See Fed. Ins. Co. v. Cont'l Cas. Co., C.A. No. 05-305, 2006 WL 1344811, at *1 (W.D. Pa. May 16, 2006) (agreeing with the plaintiff's argument that "it just makes good common sense to resolve the declaratory judgment claims first because . . .

---

[2] The interest of judicial efficiency favors severance. It is inevitable that plaintiff's bad faith discovery will raise discovery disputes that will distract from the main first party coverage issue. This will undoubtedly delay the trial of the case. The interests of the Court and the parties are advanced if the main issue in dispute is heard promptly.

[these] are the only claims that are susceptible to judicial resolution as a matter of law and with little or no discovery necessary."). As a result, the second relevant factor to consider weighs in favor of severance.

Third, plaintiff will not be prejudiced if her bad faith claim is severed and stayed. If plaintiff prevails on Count One, she will be able to promptly pursue her bad faith claim. If pursued, the Court expects the bad faith claim to be expeditiously resolved. The Court discounts plaintiff's argument that duplicative discovery will take place if defendant's motion is granted. Plaintiff's bad faith discovery is separate and distinct form her breach of contract discovery. Further, if plaintiff is right that her breach of contract and bad faith discovery overlap, no duplicative discovery will occur. Accordingly, the third relevant factor weighs in favor of severance.

Last, the Court considers whether defendant will be prejudiced if severance is not granted. The Court finds that under the facts presented here, defendant will be prejudiced if it is forced to litigate plaintiff's bad faith claim before her first-party claim is resolved. This is true even if defendant did not specifically argue prejudice in its motion. Defendant's prejudice argument is implicit in its papers. Plaintiff has served written discovery and deposition notices regarding her

bad faith claim. If defendant has to litigate plaintiff's bad faith claim now, defendant would suffer a "significant expenditure of time and money, generally rendered needless" if it prevails. Procopio v. GEICO, 433 N.J. Super. 377, 383 (App. Div. 2013). The Court agrees with defendant that judicial economy and efficiency will be promoted by avoiding expensive and time-consuming discovery on plaintiff's bad faith claim. Plaintiff's first-party coverage claim should be the focus of the case at this time. If the claim is resolved in plaintiff's favor, the parties will promptly turn to plaintiff's bad faith claim. Accordingly, the fourth and final relevant factor weighs in favor of severance.

Conclusion

For the foregoing reasons, defendant's Motion to Sever Claims will be granted in part and denied in part. An appropriate Order will be entered.

ORDER

Accordingly, for all the foregoing reasons,

IT IS hereby ORDERED 31st day of October 2018, that defendant's "Motion to Sever Claims" [Doc. No. 16] is GRANTED in part and DENIED in part; and it is further

ORDERED defendant's request to sever plaintiff's bad faith claim (Count **Three**) is GRANTED. Count **Three** of plaintiff's complaint is severed and stayed; and it is further

8

ORDERED defendant's request to sever portions of plaintiff's breach of contract claim (Count **Two**) is DENIED; and it is further

ORDERED the Clerk of the Court shall remove Doc. No. 28 from the docket.

                                      s/Joel Schneider
                                      JOEL SCHNEIDER
                                      United States Magistrate Judge

Dated: October 31, 2018